**DENIED and Opinion Filed May 24, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00480-CV

## IN RE KARLA D. STOVER AND ROBERT J.S. THOMPSON, Relators

**Original Proceeding from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-07079**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Nowell, and Miskel
Opinion by Justice Nowell

Before the Court is relators' May 19, 2023 petition for writ of mandamus wherein relators seek relief from the trial court's denial of their motion to stay.

Entitlement to mandamus relief requires relators to demonstrate that the trial court clearly abused its discretion and that they lack an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relators bear the burden of providing the Court with a sufficient record to show they are entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Because the parties in an original proceeding assemble their own record, this Court strictly enforces the requirements of rule 52 to ensure

the integrity of the mandamus record. *In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.).

As a threshold matter, we note that relators did not include in their appendix or record a written order denying their motion to stay. Instead, relators included what appears to be an email from the trial court administrator stating that the judge had denied the motion to stay. We question whether such an email constitutes a sufficient trial court ruling subject to mandamus review. *See, e.g.*, *In re Cokinos*, No. 05-16-01331-CV, 2016 WL 7163968, at *1 (Tex. App.—Dallas Nov. 16, 2016, orig. proceeding) (mem. op.) (discussing requirement to include a clear, specific, and enforceable order that is adequately shown by the record). However, we need not decide that question today because relators' record does not otherwise comply with the requirements of Texas Rule of Appellate Procedure 52. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1), 52.7(a)(2).

For example, the documents contained in relators' appendix and record are neither certified nor sworn copies. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Certified copies may be ordered from the district clerk. *See In re Hamilton*, No. 05-19-01458-CV, 2020 WL 64679, at *1 (Tex. App.—Dallas Jan. 7, 2020, orig. proceeding) (mem. op.). Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration stating under penalty of perjury that the person making the affidavit or unsworn declaration has personal knowledge that the copies of the documents attached are correct copies of the originals. *See id.*; *see also*

TEX. CIV. PRAC. & REM. CODE ANN. § 132.001. Relators included in their petition a certification from their attorney that does not invoke the penalty of perjury stating that "the petition is accompanied by an Appendix containing certified copies of every document material to the claim for relief." The documents in the appendix and record, however, are not actually certified by the district clerk. And we conclude that the attorney's certification is insufficient to make the documents sworn copies. *See In re La Energia Nortena, LLC*, No. 05-22-01272-CV, 2023 WL 3579442, at \*1 (Tex. App.—Dallas May 22, 2023, orig. proceeding) (mem. op.).

Additionally, relators' petition shows that the trial court held a hearing on relators' motion to stay. Relators' petition included a statement that "the petition is accompanied by an Appendix containing . . . the properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence." Relators, however, did not include a properly authenticated transcript of any relevant testimony. And we conclude that the foregoing statement fails to otherwise satisfy Rule 52.7(a)(2). *See* TEX. R. APP. P. 52.7(a)(2). As a result, we conclude that relators have failed to meet their burden to provide a sufficient record.

Accordingly, we deny relators' petition for writ of mandamus. We also deny relators' motion for emergency stay of proceedings as moot.

230480f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE